UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DISHAWN CURRY,

       Petitioner,

v.   Case Number: 09-CV-10979
    Honorable Denise Page Hood

CHRIS ZYCH,

       Respondent.
_____/

## OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Dishawn Curry, a federal prisoner currently incarcerated at the Federal Correctional Institution (FCI) in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He was sentenced on July 26, 2000, by the United States District Court for the District of Minnesota to a 216-month term of imprisonment and five years of supervised release for possession with intent to distribute powder cocaine and crack cocaine, 21 U.S.C. § 841(a)(1). His sentence was subsequently reduced on February 4, 2009, to a 174-month term of imprisonment and five years of supervised release pursuant to 18 U.S.C. § 3582(c)(2). Petitioner was transferred from FCC–Terre Haute to FCI–Milan in September 2007. Pursuant to the Federal Bureau of Prisons Inmate Locator web site, Petitioner has a projected release date of December 6, 2011.

In his *pro se* pleadings, Petitioner challenges the Bureau of Prisons' (BOP's) disciplinary action, which resulted from a finding that he violated the agency's regulation that prohibits an inmate from possessing a hazardous tool–a cell phone. For the reasons set forth below, the Court denies the petition.

# I. BACKGROUND

On April 19, 2007, Lieutenant Campbell, a staff member at the Federal Prison Camp, Terre Haute, Indiana, filed an incident report charging Petitioner with possession, manufacture, or introduction of a hazardous tool (cell phone), a code 108 (greatest category) offense. The report stated that on April 19, 2007, Officer Rush discovered a cell phone in a storage closet in the federal prison camp chapel. Upon inspection of the cell phone, Lieutenant Campbell determined that the last call received on the phone was on April 17, 2007, at 8:33 p.m. Lieutenant Campbell called the number on the cell phone and asked the woman who answered (Rosie Offord) if she knew anyone incarcerated at the federal prison camp in Terre Haute, Indiana. Ms. Offord stated that her son's friend, Dishawn Curry, was locked up in Terre Haute. Ms. Offord stated that the cell phone that the officer was calling from belonged to Dishawn and that her son talked to Dishawn on his cell phone all the time. After Petitioner was given a copy of the incident report and was advised of his rights by the investigating Lieutenant, he stated, "not true."

A hearing was held before the Unit Disciplinary Committee (UDC) on April 23, 2007. After being advised of his rights, Petitioner told the UDC, "no comment." The UDC determined that, based upon the severity of the charges, the incident should be referred to the Disciplinary Hearing Officer (DHO). The UDC recommended that because of the severity of the act, the maximum sanctions should be imposed.

At that time, the BOP's regulation classified hazardous tools as those that are most likely to be used in an escape or escape attempt or those that are hazardous to institutional security or personal safety. *See* 28 C.F.R. § 541.13, Table 3. According to the DHO's report, the BOP has determined that cell phones are used by inmates as tools to circumvent phone monitoring, and to

assist inmates in escaping from correctional institutions by keeping inmates informed of special counts and staff locations, thus making them hazardous tools within a correctional setting.

On April 23, 2007, Petitioner was provided with written notice of the DHO hearing and his rights at the hearing. Petitioner asked to have a staff representative appear on his behalf, but did not request any witnesses. On May 10, 2007, a staff representative was appointed to represent Petitioner at his appearance before the DHO. The DHO hearing was held on June 14, 2007. Although Petitioner did not request a witness in advance, at the hearing he asked his staff representative to call Ms. Offord as a witness. The DHO granted his request, and the staff representative telephoned Ms. Offord who told the staff representative that she did speak to someone from the institution on April 19, 2007, but that she did not want to get involved and did not want to get anyone in trouble. Petitioner stated he did not know Ms. Offord or her son and denied being in possession of the cell phone. Although Petitioner denied the charges, based on the greater weight of the evidence, the DHO found him guilty of possession of a hazardous tool, misconduct that is classified in the most serious category of institutional offenses. In making that decision, the DHO relied on the reporting officer's statement, supporting documentation, and the witness' original statement that the cell phone belonged to Petitioner and that he frequently used it to call her son. Petitioner was sanctioned with the loss of forty-one days good-conduct time and three months loss of phone privileges.[1] The

---

[1] There are a number of recommended sanctions listed under the BOP's Prohibited Acts and Disciplinary Severity Scale at 28 C.F.R. § 541.13. Violation of a greatest category prohibited act (*i.e.* Petitioner's code 108 violation) provides for disallowance of between fifty and seventy-five percent (twenty-seven to forty-one days) of good-conduct time credit available for one year, disciplinary transfer recommendation, and loss of privileges. *See* 28 C.F.R. § 541.13, Table 3, Greatest Category Sanctions B.1, C, and G. Thus, the sanctions imposed on Petitioner as a result of the disciplinary action fell within the guidelines established by the BOP policy.

DHO also recommended a disciplinary transfer. The DHO report was delivered to Petitioner on July 11, 2007.

Petitioner appealed the disciplinary action to the North Central Regional Office and the Central Office for Inmate Appeals, but the DHO's decision was upheld. He subsequently filed this petition on March 17, 2009.

## II. ARGUMENT

In his *pro se* pleadings, Petitioner challenges the DHO's finding that he violated the agency's regulation that prohibits an inmate from possessing hazardous tools. He argues that the disciplinary action was unwarranted because there was insufficient evidence to support the guilty finding. He asserts that the cell phone was found in the chapel, not on his person, and it was not properly processed for evidence of ownership. Petitioner also claims that he was denied his constitutional right to confront his accuser, that information from an anonymous source was wrongfully used in his disciplinary proceedings, and that a cell phone is not listed as a hazardous tool in Program Statement 5270.07. Although he does not specify, he presumably seeks the expungement of his incident report and restoration of his good-conduct time. Because the BOP's staff complied with the regulations governing disciplinary proceedings and the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), Petitioner is not entitled to habeas relief.

The BOP's disciplinary process is outlined in the Code of Federal Regulations, Title 28, Sections 541.10 through 541.23. Those regulations dictate the manner in which disciplinary action is to be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires the filing of an incident report and investigation pursuant to 28 C.F.R. 541.14. The matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. 541.15. If the UDC finds that a

prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a DHO for a finding. 28 C.F.R. § 541.15. Petitioner does not claim that any of those procedures were violated. Rather, he seems to argue that the Court should overturn the disciplinary action because there was insufficient evidence to support a finding that he was the inmate responsible for the cell phone.

The DHO's finding was based on the description of the incident prepared by Officer Rush, the investigation conducted by Lieutenant Campbell, supporting documentation, and a witness's statement that the cell phone belonged to Petitioner and that he frequently used it to call her son. In *Superintendent Mass. Corr'l Inst., Walpole v. Hill*, 472 U.S. 445 (1985), the Supreme Court set forth the standard of proof required in the context of a prison disciplinary proceeding. The Supreme Court requires that there be "some evidence" in the record to support the finding of the DHO. *Id.* at 454. The Sixth Circuit in *Williams v. Bass*, noted that, "[N]ot much evidence is required to support the action of a prison disciplinary board." 63 F.3d 483, 485 (6th Cir. 1995) (citing *Hill*, 472 U.S. at 455).

In determining whether a decision of a prison disciplinary board had some evidence, courts are not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence. *Hill*, 472 U.S. at 455-56. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*; *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (standard for evaluating whether prison disciplinary proceeding has denied prisoner due process is whether "some evidence" supports disciplinary decision); *Hudson v. Edmonson*, 848 F.2d 682, 688 (6th Cir.

1988) (same); *Turney v. Scroggy*, 831 F.2d 135, 140 (6th Cir. 1987) (same).

In this case, more than "some evidence" existed that Petitioner committed the prohibited act. In supporting her decision, the DHO specified the evidence she relied on in finding Petitioner committed the prohibited act. This included the reporting officer's written statement, documentation showing that the last call received on the cell phone came from a number registered to Ms. Offord and her home address, documentation that the cell phone found was not registered to anyone, documentation that Petitioner's prior address was less than three miles from Ms. Offord's home, and Ms. Offord's initial statement to the officer that the cell phone belonged to "Dishawn," and that he and her son talked regularly on the cell phone. The DHO also explained that cell phones are considered "hazardous tools" because they are frequently used to circumvent phone monitoring and to plan escapes from prison.

In the prison disciplinary context, due process requires only that the prisoner receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline. *Wolff*, 418 U.S. at 563-66. In *Wolff*, the Supreme Court held that due process is satisfied in prison-discipline hearings when (1) the inmate receives twenty-four hours advance written notice of the charges, (2) the inmate receives an opportunity to present documentary evidence and testimony from witnesses, (3) the inmate receives assistance from other inmates or staff (if desired by the inmate), and (4) the inmate receives a written statement by a neutral fact finder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 564-566. *Wolff* requires that inmates be given an opportunity to persuade an impartial decision maker that they did not commit the prohibited conduct. Petitioner was given such a forum but the DHO was not persuaded by his claims. Therefore, the only determination left

6

is whether there was "some evidence" presented that a reasonable impartial adjudicator could rely upon. *See Hrbek v. Nix*, 12 F.3d 777, 780-81 (8th Cir. 1993).

Petitioner claims that he was denied his constitutional right to confront his accuser and that information from an anonymous source was wrongfully used in his disciplinary proceedings. Inmates are not afforded the full panoply of rights as criminal defendants. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994) (citing *Ponte v. Real*, 471 U.S. 491, 495 (1985)). "[A] prison disciplinary proceeding is not a criminal prosecution. Prisoners in this context do not possess Sixth Amendment rights to confront and cross-examine witnesses." *Henderson*, 13 F.3d at 1078 (citing *Wolff*, 418 U.S. at 568). Petitioner's claim that he was denied his right to confront his accuser has no merit. Even though inmates in disciplinary proceedings are not afforded the same rights as criminal defendants and Petitioner waived his right to call witnesses before the DHO, the DHO allowed Petitioner's staff representative, at his request, to contact witness Ms. Offord via telephone. However, when Ms. Offord was telephoned, she declined to speak any further with the prison officials. Petitioner's claim that information from an anonymous source was wrongfully used in his disciplinary proceedings also has no merit because there was no use of an anonymous source in this case. If Petitioner is referring to Ms. Offord, she was not an anonymous informant as she was identified. Petitioner's allegations do not rise to the level of a *Wolff* due process violation. Petitioner had the opportunity to refute the evidence used against him by having his staff representative call Ms. Offord and by his statement that he did not know Ms. Offord or her son, and by his denial of having possession of the cell phone. He did not provide any other evidence to refute the charges against him. Petitioner's simple denial of the reporting officer's statement is not sufficient to overturn the disciplinary proceeding. *See Hill*, 472 U.S. at 456-57; *Turney*, 831

F.2d at 140. Because the due process procedures in *Wolff* were fully adhered to and there was evidence to support the DHO's findings, Petitioner is not entitled to habeas relief.

Petitioner also claims that a cell phone is not listed as a hazardous tool in Program Statement 5270.07. The BOP's regulation and program statement classify hazardous tools as those that are most likely to be used in an escape or escape attempt or those that are hazardous to institutional security or personal safety. *See* 28 C.F.R. § 541.13, Table 3. In stating her reasons for the action taken against Petitioner, the DHO stated that cell phones are considered hazardous tools in a correctional setting because cell phones are frequently used by inmates to circumvent phone monitoring, and to assist inmates in escaping from correctional institutions by keeping inmates informed of special counts and staff locations. "BOP's definition of a hazardous tool to include a cell phone is not plainly erroneous or inconsistent with BOP regulations." *Robinson v. Warden*, 250 Fed. App'x 462, 464 (3rd Cir. 2007) (citing *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 389 (3d Cir. 2001)). *See also Booth v. Patton*, 2009 WL 1636391, *4 (E.D. Ky. June 10, 2009) (cell phone considered hazardous tool under BOP Program Statement 5270.07) (citing *Barnes v. Warden, FCI Texarkana*, 2008 WL 3481942, *3 (E.D. Tex. 2008) (rejecting prisoner's challenge to Code 108 violation for possession of a cell phone; the "some evidence" required under *Hill* is that the prisoner possessed a "tool" which the BOP could reasonably conclude was "most likely" to be used in an escape attempt, as a weapon, or as a threat to institutional security, not that the prisoner was using it to commit criminal conduct)). In this case, the DHO acted within her discretion in determining that a cell phone is considered a hazardous tool. Petitioner is therefore not entitled to habeas relief on this claim.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1.) Since a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**IT IS ALSO ORDERED** that Petitioner's "Request for a Preliminary In Camera Review/Hearing of the Investigatory File of a Disciplinary Hearing" [dkt. # 3] is **DENIED** as moot.

**SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 9, 2010

I hereby certify that a copy of the foregoing document was served upon Dishawn Curry, Reg. No. 08789041, Milan Federal Correctional Institution, P. O. Box 1000, Milan, MI 48160 and counsel of record on March 9, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager